IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STEVEN SREDL, ) | | |
| Register No. 503463, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 04-4287-CV-C-SOW | |
| ) | | |
| JILL McGUIRE, et al., ) | | |
| ) | | |
| Defendants. ) | | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants are Tipton Correctional Center (TCC) employees Jill McGuire, Superintendent; Diana Howard, Assistant Superintendent; Tim Connelly, Caseworker; Ken Grace, Assistant Caseworker; and Bonny Fields, Correctional Officer (CO); and Correctional Medical Services (CMS) employees Cindy Schupp, Director of Nursing; and Dr. John Murphy.

Plaintiff alleges that TCC implemented a policy which no longer permits doctors to write lay-ins which allow an inmate to lay down as needed for medical conditions. Plaintiff alleges he was issued a medical lay-in which allowed him to lay down at 9:00 a.m. and 1:00 p.m. daily for an hour, but was not allowed to lay down as needed for pain. Plaintiff alleges that, as a result, he was subsequently issued a conduct violation for laying down at 7:55 a.m. Plaintiff challenges the conduct violation and his subsequent punitive restrictions which included a ten-day assignment to segregation. Plaintiff alleges he has a liberty interest in remaining in the general population. Plaintiff also alleges that he has been denied medical treatment for his chronic medical condition in that defendants refuse to refer him for a second opinion or a specialist.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is granted leave to proceed in forma pauperis on his Eighth Amendment claims against defendants Jill McGuire and Diana Howard challenging TCC's policy restricting medical lay-ins. However, plaintiff's claims challenging his conduct violation and subsequent assignment to segregation, as well as claims alleging that defendants refused to refer him for a second medical opinion or to a specialist, should be dismissed for failure to state a claim on which relief may be granted.

Plaintiff's claims that he was wrongfully issued a conduct violation are in essence due process claims. To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 710-12 (1976). The Due Process Clause does not protect prisoners from every adverse change in their confinement. *Sandin v. Connor*, 515 U.S. 472, ___, 115 S. Ct. 2293, 2297 (1995). If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause. *Montanye v. Haymes,* 427 U.S. 236, 242 (1976). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." *Sandin*, 115 S. Ct. at 2301.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation. *Id.* at 2299-2300. Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant

2

hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 2300. Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. *Id.* at 2301.

Accordingly, any liberty interest plaintiff may have must be an interest in the nature of his confinement. There is no liberty interest in the use of certain procedures. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state law procedural requirements")).

Moreover, an inmate who makes a due process challenge to his confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2001). It has been consistently held that assignment to segregation, even without cause, is not itself an atypical significant hardship. *Phillips v. Norris*, 320 F.3d at 847.

In the instant case, plaintiff's claims fail to allege that his ten days in administrative segregation imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff has no liberty interest in remaining in the general population of the prison. *Sandin*, 115 S. Ct. at 480. Plaintiff has failed to identify a liberty interest with regard to his conduct violation and assignment to segregation, and therefore, has failed to state a claim.

To the extent plaintiff's medical claims allege that he was denied a second opinion or referral to a specialist, such allegations fail to state a claim under section 1983. A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991), *cert. denied*, 506 U.S. 836 (1992); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Courtney v. Adams*, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).

Although, when liberally construed, plaintiff's claims challenging the lay-in policy implemented by Tipton Correctional Center are sufficient to allow plaintiff to proceed at this

3

stage in the proceedings, such claims may not be sufficient to withstand motions to dismiss or for summary judgment.

The Prison Litigation Reform Act of 1995 requires inmates to pay the full filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of paying an initial partial filing fee of $37.25.[1] Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid. If plaintiff fails to pay the filing fee, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

IT IS, THEREFORE, ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his claims against defendants

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

4

Jill McGuire and Diana Howard challenging the lay-in policy implemented by Tipton Correctional Center. It is further

ORDERED that within thirty days, plaintiff pay $37.25 in partial payment of the $150.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants McGuire and Howard answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims challenging his conduct violation and subsequent assignment to segregation, as well as claims alleging that defendants refused to refer him for a second medical opinion or to a specialist, and claims against defendants Cindy Schupp, Tim Connelly, Ken Grace, Bonny Fields, and Dr. John Murphy be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim on which relief may be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 29th day of December, 2004, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge