IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

STEVEN SREDL, )
Register No. 503463, )
                                                  )
                Plaintiff, )
                                                  )
                v. ) No. 04-4287-CV-C-SOW
                                                  )
JILL McGUIRE, et al., )
                                                  )
                Defendants. )

**REPORT AND RECOMMENDATION**

      Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      On March 10, 2005, plaintiff filed a motion for preliminary injunctive relief. On March 17, 2005, defendants filed a response, and on March 21, 2005, plaintiff filed a reply.

      Plaintiff's motion alleges that he was denied access to courts by defendants at Tipton Correctional Center (TCC) in that upon his transfer to TCC, plaintiff was required to attend a seven-day Receiving and Orientation (R&O) process, which directly conflicted with the law library hours at TCC. Defendants respond that plaintiff completed the seven-day R&O on February 27, 2005, 28 days before filing his motion for a preliminary injunction, and therefore, plaintiff's motion is moot. Defendants further argue that such program was only seven days in duration, and there is no evidence that plaintiff was prejudiced in any way. Defendants point out that since being transferred to TCC on February 3, 2005, plaintiff has filed an Objection to a Report and Recommendation, a motion for an extension of time, and has begun filing initial discovery. Plaintiff's reply states that although he is no longer subject to the R&O program, he requests an injunction preventing him from being required to submit to such R&O program should he be transferred again because, plaintiff states, such programs deny an inmate access to courts.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994).

In the instant case, plaintiff's motion for injunctive relief is clearly moot because plaintiff has completed the seven-day R&O program which he complains denied him access to courts. Moreover, to the extent plaintiff seeks injunctive relief based upon the possibility that he may be transferred in the future, and therefore, required to again complete a seven-day R&O program, such claims are merely speculative and are insufficient to establish a threat of irreparable harm such that injunctive relief is proper.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for preliminary injunctive relief be denied [23].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 11th day of April, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3