IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STEVEN SREDL, ) | | |
| Register No. 503463, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 04-4287-CV-C-SOW | |
| ) | | |
| JILL McGUIRE, et al., ) | | |
| ) | | |
| Defendants. ) | | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On April 22, 2005, defendants filed a motion for sanctions, alleging that plaintiff willfully refused to cooperate in his deposition. In support of their motion, defendants attached a copy of the deposition transcript. On May 12, 2005, plaintiff filed a response, and on May 13, 2005, defendants filed a reply.

Plaintiff was granted leave to proceed in forma pauperis in this case on December 29, 2004. Such order also granted defendants leave to depose plaintiff at his place of incarceration. On March 29, 2005, defendants filed a notice to depose plaintiff at his place of incarceration (Tipton Correctional Center) on April 13, 2005, at 1:00 p.m. Plaintiff filed objections to the notice of deposition on April 11, 2005, along with a second motion for appointment of counsel. On April 13, 2005, this court denied plaintiff's second motion for appointment of counsel and advised plaintiff that, despite his not being represented by counsel, defendants could depose him, pursuant to Rule 30 of the Federal Rules of Civil Procedure. The order of April 13, 2005, was hand-delivered by defense counsel to plaintiff at his scheduled deposition on April 13, 2005. Despite such order, plaintiff allegedly refused to cooperate in his deposition.

Upon review of the deposition transcript, the court finds plaintiff to have willfully refused to cooperate and answer questions at his deposition. Plaintiff apparently was willing to answer background questions as to his general personal history, but refused to answer any type of question with regard to his claims filed in this suit against defendants.

Plaintiff was granted leave to proceed in forma pauperis on his claims in his original complaint filed on November 22, 2004, alleging that Tipton Correctional Center (TCC) had a policy which restricted medical lay-ins, in violation of his Eighth Amendment rights. When asked at his deposition whether he could identify or give "a general idea" of what policy he was challenging (Doc. 44, Exh. A, p. 21, Plaintiff's Deposition, Apr. 13, 2005), plaintiff responded, asking whether he would get a copy of the questions being asked. Defense counsel advised plaintiff such was not procedure and requested that plaintiff answer his questions. Defense counsel advised plaintiff that the purpose of the deposition was to allow defendants to "get an idea of why [plaintiff] filed this lawsuit, and what specifically [plaintiff is] claiming, what policies are violating [plaintiff's] rights, . . . so that [defendants] can then respond to those issues and so that [defendants] can proceed with discovery." *Id.* At this point forward, it is apparent that plaintiff was unwilling to cooperate, in good faith, in his deposition. When asked if he could "give [defendants] an idea of the content of the policy," he was challenging, plaintiff responded with the statement that "[t]hese questions may inflict (sic) with an existing case. I have to object because they lead to speculation on my part as to the scope and meaning. And I can't answer the question the way you'd like it to be answered today." (Doc. 44, Exh. A, p. 24, Plaintiff's Deposition, Apr. 13, 2005). When asked if he had "ever received a conduct violation for violating this policy [referring to the policy challenged in his original complaint]," plaintiff responded by stating "[t]hat leads to speculation as well." *Id.* Defendants rephrased their general questions as to the nature of plaintiff's claims several times and gave plaintiff numerous opportunities to respond to such questions. Nonetheless, plaintiff continued to respond with nonspecific objections (see Doc. 44, Exh. A, pp. 23-25, Plaintiff's Deposition, Apr. 13, 2005). Accordingly, the court finds that plaintiff failed to comply, in good faith, with the orders of this court which granted defendants leave to depose plaintiff. Although plaintiff was not required to cite the specific policy number or the exact language regarding his claim that

2

TCC had a policy that was violating his Eighth Amendment constitutional rights, a review of the deposition transcript indicates a refusal by plaintiff to provide any relevant information whatsoever.

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Pursuant to Rule 41(b), defendants' motion for sanctions should be granted and plaintiff's claims dismissed. *See Aziz v. Wright*, 34 F.3d 587 (8th Cir. 1994), *cert denied,* 513 U.S. 1090 (1995) (court dismissed inmate's claims, with prejudice, when inmate was uncooperative and refused to allow his deposition).

IT IS, THEREFORE, RECOMMENDED that defendants' motion for sanctions be granted and plaintiff's claims be dismissed, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with court orders [44].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 16th day of June, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3